to the next case on our calendar. It's Wang versus Happy Hot Hunan Restaurant, counsel. Good morning, your honors, and may it please the court, this is Aaron Schweitzer for the claimant. This case, excuse me, this case is about essentially carelessness on the part of the district judge. Following trial, the district judge made several findings of fact regarding my client's salary. There were findings of fact and testimony regarding whether he was subordinate to other people in the kitchen in the restaurant where he worked. And there were findings of fact made as to whether he had played a role in hiring and firing. From these findings of fact, the district judge erroneously concluded that my client was a executive employee exempt from the requirement to pay overtime for the entirety of his employment. This was a clear error on the facts that were testified and on the facts that were found. And if you'll permit me, I will go over those facts. There were three periods when my client was employed by the appellees. First, for about seven days in November and December of 2015, he was employed at a rate of, he was promised $3,400 a month. He was employed as a saute cook. He was subordinate to one of the current, of one of the appellee's business partners who- Mr. Schweitzer, this is Judge Lynch. I'm sorry to interrupt. I just wondered, what, are you contending that the findings of fact with respect to hiring and firing, for example, are clearly erroneous? Or are you contesting any of the specific findings of fact as being clearly erroneous? We are contesting- Can you listen? I'm sorry? No, go ahead. I thought we lost you. Okay. Oh no, I just needed to collect my thoughts for a moment. Excuse me. We are contesting the findings of fact for whether he had the authority to hire and fire. But even taking that he did, excuse me, even assuming that he did, the only time he would have had that authority was in the last, essentially, two months of his employment. And really, the real problem here- Well, excuse me. I'm just, I'm trying to understand what it is that is your central contention. That is, are you contending that accepting all the findings of fact that the judge made as a matter of law, of which we have de novo review, that doesn't constitute being a managerial employee? Or are you contesting as clearly erroneous some aspect of the fact finding? So for example, when you say he was only, he only had hiring, firing authority towards the end, is that the district judge's fact finding? Or is the district judge's fact finding that he had hiring and firing authority, period, full stop? And if that's the fact finding, are you saying that that is clearly erroneous? Well, that's a complicated question. Essentially, the district judge found, excuse me, or concluded, rather, that my client had hiring and firing authority over the entire course of his employment based on, excuse me, findings that he had hired and fired people during the last two months of his employment. Yes, but there's also testimony from the owner, which I understand is challengeable in terms of credibility, but that's not a matter for us, that he always, that your client was always employed in the same capacity. And even if there weren't that testimony, it's not clear to me that a fact finder couldn't infer that testimony as to his hiring and firing particular people at particular times shows what authority he had, at least in the absence of contrary testimony. And I'm not aware, you can correct me if I'm wrong, that Mr. Wong ever testified, oh, there was a difference between the role I played at this period and that period. And yes, maybe I had hiring and firing authority at this time, but I didn't at this other time. As far as I understood it, he just said that he never had that authority. Am I wrong about that? Your Honor, he did say that he never had that authority, but he also said that he did receive a, excuse me, a promotion to the head person in the kitchen in the last two months of his employment. He also received a raise of about $400 a month for the last two months of employment. Taking that all together, it's not easy at all to infer that he had the same position throughout his employment. And taking that with the incredibility, which the district judge did find of the testimony from the appellee that he had hired and fired people before the last two months of his employment, excuse me, a conclusion that he had that authority throughout his employment is clear error. Counsel, now you concede that Mr. Wong had different duties during the different periods, and yet you're seeking compensation for the entire period that he was employed. Isn't that correct? You haven't distinguished in your claim. Hello? Yes. Was the question finished? Yes, I'm sorry. I'm sorry. I don't think I understood it. Could I have it again? My question was, you now just agree that the plaintiff had different duties during his different employment periods, and yet you're seeking compensation for the whole time he was employed. Isn't that correct? Yes, Your Honor. What needed to happen was his different duties over the course of his employment needed to be analyzed separately. What the district judge did was she took evidence pertaining only to the last period of employment, which we can test her conclusion on other grounds, but she projected that back in time when it was not applicable. Is that just on the question of hiring and firing? Is that what you're considering? Is that your argument? It's on the question of hiring and firing and the related question of primary duty, yes. Right, well, I understand. But you don't have to necessarily have direct authority to hire and fire under the regulation. If your recommendations are given and are given particular weight by the person who actually physically does the firing and hiring, then that still could qualify. That's true, Your Honor, but there was no evidence to that effect for particularly the second and first period of his employment. Also, I should highlight that during the first and second period of employment, that is from November and December 2015 and from January to June of 2016, there were people above him in the hierarchy in the kitchen. He was not, excuse me, he was not free from supervision. First, he was under the supervision of the appellee's business partner, and then he was under the supervision of another person who was the head chef, whose last name was Yu. Now, if we put aside your client's testimony and just look at the witnesses, of the other witnesses, wasn't there testimony to the effect that your client directed the kitchen staff throughout the period, throughout all three periods? And also- The other witnesses only had knowledge of July and August. That's two out of the three? No, that is the last period. I see. Okay, I- After which my client had received a notional promotion, had received a raise, and when he was no longer under another head chef. So you're now arguing that he was exempt in the third period, but not in the first two? I'm arguing that if there is, if he was exempt in the third period, that would say nothing about the first two. I'm not sure I understand why it would say nothing. The only testimony in Mr. Wong's favor comes from himself, right? Yes, that's correct. And isn't the district court entitled to make a credibility finding and to either rely on that testimony or not? The district court did make a credibility finding, excuse me. Well, did the district court accept any part of Mr. Wong's testimony and say, oh, this is what he says, and I believe that, and therefore he, you know, I'm making a fact finding in his favor on these points. Yes, he did on the issues of wages, on the issues of hours, on the issues of what he- Right, but on the issues that you are now contesting, I should have been clearer in the question. I mean, it seems to me that a fact finder does not, you're arguing as if the judge was obliged to accept Mr. Wong's testimony that he lacked certain authority at an earlier stage, when in fact his testimony seems to be that he never had that authority, for example. So why would the district judge be compelled to accept his putative testimony or to draw some inference in his favor that what he says was true throughout was in fact true at the beginning or is to be presumed true until and unless there's a witness on the other side who specifically refutes each and every aspect of that testimony? Call, excuse me. I mean, he says basically I was just another cook in the restaurant really and didn't have any managerial role. And then various people come in and dispute that    I'm not a managerial person. I'm not a managerial person. Because there was countervailing testimony presented as to November and December and January through June. That testimony was found incredible and my client's testimony was found credible. Wait, the district court found that your client was telling the truth when he said I had no managerial authority in January and that the owner was lying when he testified the contrary. Can you cite me where in the judge's opinion she said that? The owner was found incredible when he testified as to the people that my client supposedly hired and fired during that time. My client also denied hiring and firing people during that time. On balance, that is a preponderance of the evidence in favor of my client. Mr. Schweitzer, your time has expired but you have retained two minutes for rebuttal. We'll hear from the restaurant, the owner and the restaurant. Counsel. Good morning, your honors. This is Bing Chen Li for defendant Liu and Happy House Hunan. This is a case which the plaintiff appealed from simply based on the credibility determination by the lower court, by the trial judge. That's exactly what the plaintiff said in his opening brief. If I may, I want to direct this panel to the plaintiff's brief which is on the page eight of the plaintiff's brief. It specifically says that, the title is on the page seven, the summary of arguments, it specifically says the only argument that they have is quote unquote, at trial defense witnesses were totally incredible in their testimony. And they actually didn't make any other arguments in their opening brief. They did attempt to cite a lot of unsupported facts. These unsupported facts have never been argued, present in the trial court and they are not in the record and they are trying to use this to support their argument that the lower court's determination specifically the credibility determination is clearly erroneous. And also even we look beyond that, the apparent merely provide an alternative explanation to the district court judge's judgment and the rulings. And we know that this is not enough, this is not sufficient to overturn on a clearly erroneous standard of a district court judge's findings. More importantly, as this panel has alluded earlier, the panel has never raised an issue that when the plaintiff had a different role throughout his employment, whether it's two period or three periods. It was not until the reply brief that they pointed out and so arguing this point. We know that in many case laws, such as Norton versus Sam's Club, issue not sufficiently argued in the brief are considered waived. It was not argued in the opening brief. It was not argued in the trial court. It has never, the plaintiff has never provided such argument in our joint pre-trial order, not in the trial, not in the trial summation and not in the opening brief. And also in regrant, the court ruled that issue waived because appellant did not make any argument even though the issue was identified. And another case, Hanna versus Walmart, says appellant, the appellate court refused to address the argument because the appellant did not provide citation of records. That's exactly what happened here. The appellant didn't argue this point to differentiate between two or three periods. And they have been arguing all along that Wen was not a manager, was not entitled to exemption for executive. And therefore, and I urge this court to consider all these points waived. In addition, going to the substance of this ruling, and there is no dispute as to the law applied. There's no dispute as to the application of the law. It seems to me that appellant, the only issue is with the finding of facts, whether the credibility determination by the lower court should stand under this clear erroneous standard. There should be no question that the district court finding is good enough to infer from three non-party, third party, actually third party witnesses. The district court judge specifically said these are disinterested parties and that their testimony to the large extent is credible and it was adopted. So it's not unreasonable for district court judge to infer from that testimony for the entire period of employment to decide that Wen was indeed hired as kitchen head, was indeed exempted from overtime requirements. Therefore, the defendants were not liable to the plaintiff in this case. Thank you, Your Honor. Thank you, counsel. Mr. Schweitzer, you've retained two minutes for rebuttal. Your Honor, I just want to correct two statements that were made on the opposition there. The issue that the court had to differentiate in time based on the prevailing conditions of employment was raised at trial. It was raised at summation as a frame for looking at the evidence and it was raised on the brief. Yes, well, Mr. Schweitzer, while we're correcting misstatements, I was looking at the judge's findings of fact in special appendix pages 17 to 18. And you are correct that the judge says that plaintiff's counsel did raise that argument at that final stage of the case in the district court. And I'll read you exactly what the judge says. Plaintiff's counsel argues for the first time today that all the non-party testimony about his alleged managerial role related to the end period of his employment. Mr. Liu, however, clearly testified that from the start, Wang was hired to help him manage the kitchen. Now, that sounds to me as if the judge is not discrediting Mr. Liu's testimony on that point, but is accepting it and using it as a refutation of the argument raised at the very last minute that there should be a distinction between the two periods. And a few pages later, excuse me a moment, because I'm working with a lawyer a laptop here and not with a hard copy that's easier to find things in. The court goes on a different point to say, while the court is skeptical that Mr. Liu was unable to countermand Mr. Wang's decisions as he testified at trial, the court credits his detailed description of Mr. Wang's authority to fire without his prior approval. As Mr. Liu recounted, Mr. Wang is in charge of the kitchen, so I have to support him in every way that I can in that regard. That was a request of Mr. Wang when he first came initially. Plaintiff has offered no evidence or supporting testimony that he was subject to direct supervision other than self-serving statements that he quote, had to take orders, close quote, from the individual defendants. Now, does any of that sound to you like the district court credited Mr. Wang's testimony about what his duties were at the beginning of his employment and discredited Mr. Liu's testimony on that subject? Sounds to me rather the contrary. Mr. Schweitzer. Yeah. I'm sorry, I did place myself on mute, excuse me. What stands out to me from that is that there is no explicit statement as to what time the district judge was considering. And furthermore, that the district judge ignored, flat out, didn't even refer to countervailing testimony. She said, countervailing testimony did not exist, but there was countervailing testimony that during the November to December period and during the January to June period, that my client was- Countervailing testimony from whom? Excuse me, from my client and also on the cross, especially for the first period, the defendant admitted that Chai Fa Zhu used to be his business partner and was in charge of the kitchen during that time. My client couldn't have been in charge of the kitchen during that time if somebody who was an actual owner who had hired him to work and who eventually fired him was in fact in charge. Well, are they mutually exclusive? In other words, couldn't he be manager under the other owner? Well, it goes to freedom from supervision. In later periods, supposedly, Chai Fa Zhu had left the restaurant, excuse me, and there was, from a certain point, another head chef and then no, no other head chef. But during certainly the first period and, excuse me, and we contend for the second, there was no freedom from supervision from another higher ranked person. That is one of the prongs of the executive exemption test each of which must be met. Thank you, counsel. Your two minutes have expired. We will reserve the decision on this case.